IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUAN VASQUEZ-CORTES, (A#220-458-207) | § § § | |
| Petitioner, | § § | |
| v. | § | CIVIL ACTION NO. 4:24-cv-742 |
| WARDEN RANDY TATE, | § § § | |
| Respondent. | § § | |

**MEMORANDUM OPINION AND ORDER**

The petitioner, Juan Vasquez-Cortes ("Petitioner"), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging the duration of his confinement by Immigration and Customs Enforcement (ICE) officials with the United States Department of Homeland Security (DHS). The respondent, Warden Randy Tate, has filed a motion to dismiss, advising the Court that Petitioner has been removed from the country and that his petition is moot. Dkt. 8. Petitioner has not provided the Court with an updated address following his removal and appears to have abandoned his petition. After considering all the pleadings and the applicable law, the Court will grant the respondent's motion and dismiss this case as moot. Alternatively, the case will be dismissed for want of prosecution.

**I.      Discussion**

The Court received Petitioner's § 2241 petition on February 29, 2024. Dkt. 1. Petitioner states that he was taken into ICE custody on July 9, 2022, and has remained in custody for more than twenty (20) months. *Id.* at 6. Petitioner alleges that he is entitled to

habeas corpus relief because he has been in custody for more than 180 days since his removal order became final. Dkt. 1; *see Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (holding that persons may be detained pending removal for a "presumptively reasonable period" of no more than six months after the removal period expires).

The respondent has advised the Court that Petitioner was removed from the United States on April 4, 2024, and is no longer in immigration custody. Dkt. 8 at 2; Dkt. 8-1, Defendants' Ex. 1 (Warrant of Removal/Deportation). The respondent contends that Petitioner's release from custody renders his habeas corpus petition moot.

The United States Supreme Court has explained that a case becomes moot if it "no longer present[s] a case or controversy under Article III, § 2, of the Constitution." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Under the case or controversy requirement, "[t]he parties must continue to have a 'personal stake in the outcome' of the lawsuit.'" *Id.* (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477–78 (1990)). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Id.* (quoting *Lewis*, 494 U.S. at 477). Because Petitioner challenges only his continued detention, his release from custody leaves nothing for this Court to remedy. *See id.* at 18. The petition is moot and must be dismissed.

Alternatively, Petitioner has not provided the Court with a change of address following his release from custody as required by Rule 83.4 of the Local Rules for the Southern District of Texas, Houston Division. Under that rule a *pro se* litigant is responsible for keeping the Clerk advised in writing of his current address. Petitioner has

2

clearly failed to provide the Court with an accurate, current address. Therefore, under the inherent powers necessarily vested in a court to manage its own affairs, this Court determines that dismissal for want of prosecution is appropriate. *See* FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998) (noting that a district court may *sua sponte* dismiss an action for failure to prosecute or to comply with any court order). For this additional reason, this case will be dismissed.

**II.     Conclusion and Order**

Accordingly, the Court **ORDERS** as follows:

1. The respondent's motion to dismiss (Dkt. 8) is **GRANTED**.

2. This case is **DISMISSED WITHOUT PREJUDICE** as moot.

3. Alternatively, this case is **DISMISSED WITHOUT PREJUDICE** for want of prosecution.

SIGNED at Houston, Texas, on    JUN 1 8 2024    .

ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE